UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

REGGIE D. CASWELL,

                         Petitioner,

          v.

STEVEN RACETTI,

                         Respondent.

                                   **DECISION**
                                      **and**
                                     **ORDER**

                           **11-CV-00153A(F)**

_____

APPEARANCES:          REGGIE D. CASWELL, *Pro Se*
                      06-B-1117
                      Upstate Correctional Facility
                      Box 2001
                      Malone, New York 12953

                      ERIC T. SCHNEIDERMAN
                      New York State Attorney General
                      Attorney for Respondent
                      THOMAS BENJAMIN LITSKY
                      Assistant New York Attorney General, of Counsel
                      120 Broadway
                      New York, New York 10271

## JURISDICTION

    This case as referred to the undersigned by Honorable Richard J. Arcara, on

July 8, 2011, for pretrial matters.  The action is presently before the court on Petitioner's

motion (Doc. No. 4), filed February 23, 2011, seeking discovery and an order directing

Petitioner be produced for an expedited hearing.

## BACKGROUND and FACTS[1]

    On February 23, 2011, Petitioner filed a petition ("Petition") seeking habeas

_____

[1] The Facts are taken from the Petition and motion papers filed in this action.

corpus relief pursuant to 28 U.S.C. § 2254 from a judgement of conviction by jury ("the conviction") entered on April 11, 2006 in Monroe County Court of Robbery in the Second Degree (N.Y. Penal Law § 160.10(2)(b), Attempted Robbery in the Third Degree (N.Y. Penal Law §§ 110.00 and 160.05), and two counts of Burglary in the Second Degree (N.Y. Penal Law §§ 140.25(1)(d) and 140.25(2)).  Petitioner, who proceeded at trial *pro se* with court-appointed stand-by counsel, was sentenced on the conviction as a persistent violent felony offender to indeterminate sentences of twenty-five years to life for the second-degree robbery and burglary counts, and twenty years to life on the attempted third-degree robbery count.  Petitioner's sentences on the three counts for robbery and burglary were to run concurrently, while his sentence on the attempted robbery count was to run consecutively.

Briefly, the crimes to which the Petition pertains were committed on August 27, 2005, when Petitioner, following a botched robbery of a liquor store in which Petitioner scuffled with the store clerk, smashing bottles of liquor on which both Petitioner and the store clerk sustained multiple lacerations, fled the store on foot and entered the nearby residence of a couple where Petitioner physically restrained a man by pretending to brandish a handgun, and demanded and received money from the couple.  Petitioner then coerced the couple from their home to his vehicle, forcing the man into the vehicle's back seat and directing the woman to the driver's seat before instructing her to drive the vehicle away from the scene.  Meanwhile, the liquor store clerk, who had activated the store's silent alarm but did not attempt to halt Petitioner's flight from the store, had followed Petitioner to the nearby resident and used a passerby's cell phone to alert the police to the Petitioner's location.  The police arrived before the woman had

2

driven Petitioner away in his vehicle, and arrested Petitioner, recovering $ 51 from his person.  After his arrest, Petitioner made a statement indicating that he had been caught "red-handed."  The victims, including the liquor store clerk and the man and woman to whose residence Petitioner had fled, identified Petitioner as the perpetrator of the attempted robbery of the liquor store, and the burglary of the residence and the robbery of the couple occupying the residence.  Admitted into evidence at trial was the clothing the male half of the couple wore when assaulted by Petitioner, stained with Petitioner's blood from the lacerations sustained during the attempted robbery of the liquor store, and a sample of blood collected from Petitioner's vehicle following his arrest.

Upon appeal to New York Supreme Court, Fourth Department, Petitioner's conviction was unanimously affirmed on November 21, 2008.  *People v. Caswell*, 867 N.Y.S.2d 638 (4th Dept. 2008).  Leave to appeal to the New York Court of Appeals was denied on January 28, 2009, *People v. Caswell*, 902 N.E.2d 442 (N.Y. 2009), and reconsideration was denied on March 17, 2009, *People v. Caswell*, 906 N.E.2d 1092 (N.Y. 2009).  A petition for *writ of certiorari* was denied by the United States Supreme Court on June 8, 2009.  *Caswell v. New York*, __ U.S. __, 129 S.Ct.  2775 (2009).   On December 7, 2009, Petitioner's motion pursuant to New York Criminal Procedure Law ("N.Y. C.P.L.") § 440.20, seeking to set aside his sentence was granted with regard to the attempted third-degree burglary count, on which Petitioner was resentenced, on January 8, 2010, as a second felony offender to an indeterminate prison term of two to four years, to run consecutively to his other sentences.

On February 23, 2011, Petitioner filed the instant Petition for habeas relief.  On

February 23, 2011, Petitioner filed a motion (Doc. No. 4) ("Petitioner's motion"), seeking

discovery of allegedly exculpatory trial and sentencing hearing exhibits with which

Petitioner maintains Respondents failed to produce in connection with Petitioner's direct

appeal of his conviction.  Petitioner also seeks an order directing an expedited

evidentiary hearing on the petition, and Petitioner's appearance at the hearing.

Petitioner's motion is supported by the attached Affidavit of Reggie D.  Caswell

("Petitioner's Affidavit"), and Memorandum of Law ("Petitioner's Memorandum").

Although Respondent did not file any response to Petitioner's motion, several of

the issues raised in Petitioner's motion are addressed in Respondent's Memorandum of

Law in Opposition to the Petition for a Writ of Habeas Corpus (Doc. No.16)

("Respondent's Memorandum"), filed August 12, 2011.  On September 26, 2011,

Petitioner filed an Affirmation Seeking Discovery Pursuant to Local Rule § 37 (Doc. No.

21) ("Petitioner's Affirmation"), in which Petitioner reiterates his request for discovery of

the six items of evidence Petitioner's motion seeks to have produced.

Based on the following, Petitioner's motion (Doc. No. 4) is DENIED.


### DISCUSSION

**1.    Discovery**

Petitioner seeks discovery of evidence outside the State Court Record, as well

as an evidentiary hearing to consider such evidence and a court order directing

Petitioner's appearance at the requested evidentiary hearing.  As stated, Respondent

has not directly responded in opposition to Petitioner's motion, but addresses the

issues raised therein in papers filed in response to the Petition, particularly, in

4

Respondent's Memorandum.  A review of Petitioner's motion demonstrates that the discovery Petitioner seeks would not support any of the grounds on which Petitioner seeks habeas relief, rendering moot the requests for an evidentiary hearing to consider such evidence, as well as for a court order directing Petitioner's appearance at the hearing.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997) (citing *Harris v. Nelson*, 394 U.S. 286, 295 (1969) (concluding the "broad discovery provision" of the Federal Rules of Civil Procedure do not apply in habeas proceedings)). Nevertheless, pursuant to Rule 6(a) of the Federal Habeas Corpus Rules ("Rule 6(a)"), a judge has discretion to authorize, upon a showing of good cause, discovery in a §2254 proceeding under the same discovery devices available under the Federal Rules of Civil Procedure.  28 U.S.C. § 2254 Rule 6(a); *See Bracy*, 520 U.S. at 904 (discussing how the Supreme Court, "to formulate rules of practice with respect to federal habeas corpus . . . proceedings, . . . . in 1976, promulgated and Congress adopted the Rules Governing § 2254 Cases.").  The "good cause" standard is satisfied when "'specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Bracy*, 520 U.S. at 908-09 (quoting *Harris*, 394 U.S. at 300).  Generalized statements about the possible existence of discovery material are insufficient to establish the requisite "good cause." *Green v. Artuz*, 990 F.Supp. 267, 271 (S.D.N.Y. 1998).  Furthermore, "[t]he Court may, in its discretion, deny discovery where the petitioner provides no specific evidence that the requested discovery would support his habeas corpus petition."

*Hirschfeld v. Commissioner of the Division of Parole*, 215 F.R.D. 464, 465 (S.D.N.Y. 2003) (citing *Gonzalez v. Bennett*, 2001 WL 1537553, at * 4 (S.D.N.Y. Nov.  30, 2001)).

In his motion, Petitioner seeks discovery of six items of evidence, including (1) a surveillance video tape referred to at trial as "People's Trial Exhibit 9," (2) a surveillance video tape referred to at trial as "People's Trial Exhibit 22," (3) persistent felony offender statement dated March 27, 2006, (4) People's sentencing hearing exhibits 4 through 7, (5) surveillance videotape obtained by Officer Renz, and (6) DNA test results requested by Officer Rice.  None of these items, however, would support the Petition and, thus, need not be produced.

Before determining whether discovery should be allowed pursuant to Rule 6, the court must first identify the "essential elements" of the petitioner's habeas claims the requested discovery would support.  *Bracy*, 520 U.S. at 904 (quoting *United States v. Armstrong*, 517 U.S. 456, 468 (1996)).  Here, Petitioner asserts as grounds for habeas relief that (1) he was denied a preliminary hearing and the right to testify before the grand jury; (2) the verdict was against the weight of the evidence, the evidence was legally insufficient, and actual innocence; (3) the first count of the indictment charging robbery in the second degree was duplicitous; (4) concealment of exculpatory evidence, specifically, the clothing of one of the victims; (5) two police reports constituting *Brady* material were withheld; (6) wrongful denial of Petitioner's request that the jury be instructed on the defense of justification; (7) the court erred by refusing to remove the prosecutor; (8) N.Y. C.P.L.R. 5525, governing the settlement of the transcripts for purposes of appeal, was unconstitutionally applied to Petitioner; (9) New York's persistent felony offender statute is unconstitutional; (10) the imposition of

consecutive sentences was erroneous; (11) the People failed to establish Petitioner had two prior violent felony convictions; (12) Petitioner was improperly sentenced as a persistent violent felony offender based on his Illinois conviction; and (13) Petitioner's sentence was excessive.  All the items of evidence Petitioner seeks to have produced are relevant either to Petitioner's identification as the defendant with regard to the underlying conviction (the three surveillance videotapes and the DNA test results) and, thus, Petitioner's actual guilt or innocence of the predicate crimes, or to the sentence imposed relative to the April 11, 2006 conviction (the persistent felony offender statement and the sentencing hearing exhibits 4 through 7).  As such, the evidence relates to Petitioner's second and fifth grounds challenging Petitioner's identification as the perpetrator of the crimes, as well as to Petitioner's ninth, tenth, eleventh, twelfth, and thirteenth claims challenging the sentences imposed for the conviction.

With regard to the discovery Petitioner requests relative to his identity as the perpetrator of the crimes with which he was charged and subsequently convicted, the record establishes that because Petitioner was apprehended during the commission of of the robbery for which he was convicted on April 11, 2006, Petitioner's identity was never at issue in the underlying criminal prosecution against Petitioner.  Respondent's Memorandum at 64.  Because Petitioner's identity as the perpetrator of the crimes for which he was convicted on April 11, 2006, was never in question, no DNA testing was ever requested or performed on any blood samples collected.  *Id*.  Petitioner has not argued in opposition to Respondent's assertions.  As such, the DNA evidence Petitioner requests does not exist.

Respondent further explains, Respondent's Memorandum at 63-65, and

Petitioner does not dispute, that the surveillance video tapes Petitioner seeks depict only Petitioner's arrest, rather than the commission of the crimes for which Petitioner was convicted.  Accordingly, the surveillance videotapes would not support any ground of the Petition challenging Petitioner's identity as the perpetrator of the crimes.

Moreover, although the Supreme Court has never recognized a claim of actual innocence in a § 2254 petition filed in a non-capital case, the Court has strongly indicated that were such a claim amendable to federal habeas review in a non-capital case, the evidence proffered to support a claim of "actual innocence" would be subjected to a higher standard than the standard governing claims of insufficient evidence established by *Jackson v. Virginia*, 443 U.S. 307 (1979) for habeas cases. *See House v. Bell*, 547 U.S. 518, 538-39 (2006) (holding standard for invoking actual innocence exception to habeas corpus procedural bar rule is not higher than the standard governing insufficient evidence claims on habeas review).  Here, because the surveillance videotapes depict only Petitioner's arrest, rather than the actual commission of the crimes, the videotapes would not rise to the standard of proof necessary to establish Petitioner's claim that he is actually innocent of the crimes.

Petitioner's motion, insofar as it seeks production of three surveillance video tapes, and DNA test results on blood samples collected from Petitioner's vehicle, is therefore DENIED.

Nor is there any merit to Petitioner's motion with regard to Petitioner's request for People's sentencing hearing exhibits.  Respondent maintains, Respondent's Memorandum at 63, and Petitioner does not dispute, that People's sentencing hearing exhibits 4 through 7 are contained in the State Court Record, specifically, the Appellate

Division appendix, Exh. E at R. 333-60 (Doc. No. 15-4 at 68-95); and S 64-70 (Doc. No. 15-7 at 64-70).  Accordingly, Petitioner's motion is DISMISSED as moot with regard to the sentencing hearing exhibits.

Further, insofar as Petitioner seeks the Persistent Felony Offender Statement dated March 27, 2006, Petitioner has provided no specific evidence that the requested discovery would support his habeas corpus petition as required.  *Hirschfeld*, 215 F.R.D. at 465 (citing *Gonzalez*, 2001 WL 1537553, at * 4).  Petitioner's motion is, therefore, DENIED as to this request.

**2.     Evidentiary Hearing**

Petitioner seeks a court order for an expedited evidentiary hearing at which the requested discovery can be considered, as well as an order directing Petitioner's attendance at the evidentiary hearing pursuant to 28 U.S.C. § 2241(c)(3) and (5).

"[T]he Supreme Court and Congress have severely limited the situations in which a habeas court is required or even permitted to hold an evidentiary hearing to consider factual claims by a habeas petitioner."  *Nieblas v.  Smith*, 204 F.3d 29, 31-32 (2d Cir. 1999) (citing *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 5-6 (1992) (requiring a hearing only when the petitioner can establish cause for his failure to develop an adequate factual record below and prejudice resulting from that failure); and 28 U.S.C. § 2254(e)(2). Pursuant to 28 U.S.C. § 2254(e)(2), a district court is prohibited from holding an evidentiary hearing where the habeas applicant "failed to develop the factual basis of a claim in State court proceedings" unless the applicant demonstrates that

(A) the new claim relies on - -

9

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

The court construes Petitioner's request for the evidentiary hearing as made pursuant to 28 U.S.C. § 2254(e)(2)(A)(ii), based on Petitioner's desire to have the court consider the discovery requested in Petitioner's motion.  With the court's denial of the discovery requested in Petitioner's motion, however, there is no need for either the evidentiary hearing, or Petitioner's attendance at the hearing, and Petitioner's motion is DISMISSED as moot as to that aspect.

## CONCLUSION

Petitioner's motion (Doc. No. 4) is DENIED in part and DISMISSED as moot in part.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      January 17, 2012
            Buffalo, New York

**Any appeal of this Decision and Order must be taken to by filing a notice of appeal within 14 days of the filing of this Decision and Order pursuant to Fed. R. Civ. P. 72(a).**