UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

REGGIE CASWELL,

          Petitioner,

-vs-

STEVEN RACETTI,

          Respondent.

**DECISION AND ORDER**
**No. 1:12-CV-0153(MAT)**

## I. Introduction

On March 26, 2012, this Court denied Reggie Caswell's petition for a writ of habeas corpus. Finding that Caswell had failed to make a substantial showing of the denial of a constitutional right, the Court declined to issue a certificate of appealability. In addition, the Court certified that any appeal from its Decision and Order would not be taken in good faith, and accordingly denied leave to appeal in forma pauperis. Caswell pursued an appeal to the Second Circuit, which found that Caswell had not made a substantial showing of the denial of a constitutional right. Accordingly, the Second Circuit denied his motions for a certificate of appealability, in forma pauperis status, an expedited hearing, and appointment of counsel on June 15, 2012.

Presently before the Court is Caswell's February 26, 2013 Motion to Vacate pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"). See Dkt ##36 (Motion), 37 (Affidavit), 38 (Memorandum of Law), 39 (Affirmation). For the

reasons discussed below, the Rule 60(b) motion is denied with prejudice.

**II.  Rule 60(b) Standard**

Rule 60(b) of the Federal Rules of Civil Procedure, properly applied, "strikes a balance between serving the ends of justice and preserving the finality of judgments." Nemaizer v. Baker, 793 F.3d 58, 61 (2d Cir. 1986) (citations omitted). The moving party bears the burden of proof and must convince the reviewing court that "exceptional circumstances" exist for vacating the judgment. United States v. International Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001). All Rule 60(b) motions must "be made within a reasonable time," FED. R. CIV. P. 60(b), and motions under Rule 60(b)(1), (2) and (3) must be made within one year after the judgment, id., 60(c). The Second Circuit also requires that the evidence in support of the motion be "highly convincing," Koticky v. United States Fidelity & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987) (quotation omitted); that the movant show good cause for the failure to act sooner, id. (citations omitted); and that no undue hardship be imposed on the opposing parties, id. (citation omitted).

Pursuant to Rule 60(b), "[o]n motion and just terms, a court may relieve a party or its legal representative from a final judgment, order, or proceeding" for any of the following reasons:

> (1)  mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Petitioner specifies subsections (2), (3), and (6) of Rule 60(b) as the grounds for his motion.

**III. Discussion**

    **A.   Rule 60(b)(2)**

"The movant seeking relief under Rule 60(b)(2) must show that (1) newly discovered evidence is of facts existing at the time of trial; (2) the moving party is excusably ignorant of the facts despite using due diligence to learn about them; (3) the newly discovered evidence is admissible and probably effective to change the result of the former ruling; and (4) the newly discovered evidence is not merely cumulative or impeaching of evidence already offered." Weissman v. Freeman, 120 F.R.D. 474, 476 (S.D.N.Y. 1988) (citing 11 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 2808, at 55-60, § 2859, at 182-85 (1973)).

Petitioner's claim for relief under Rule 60(b)(2) essentially repeats his claim, raised in support of his habeas petition, that

he was deprived of a meaningful appeal because the prosecution belatedly provided him with a copy of "People's Exhibit #9" (DVD recording of a surveillance tape), "People's Exhibit #22" (DVD recording of a surveillance tape), and "People's Sentencing Exhibit #4" (an Illinois Bill of Indictment). As this Court discussed in its Decision and Order denying Petitioner's habeas petition, People's Exhibit #9 is the original liquor store surveillance videotape. When played on a normal VCR, its speed is substantially faster than real time. People's Exhibit #22 is a fair and accurate recording of the same images that appear in Exhibit #9, but it depicts those images in real time and may be played on a regular VCR. At trial, both exhibits were introduced into evidence, but the jury only viewed People's Exhibit #22, which played back the surveillance footage in real time.

With regard to People's Sentencing Exhibit #4, the prosecution served Caswell with a copy of his persistent violent felony statement prior to the sentencing hearing. As the Court noted in its previous Decision and Order, copies of the exhibits that the prosecution introduced into evidence at the sentencing hearing appear to have been annexed to the appendix on appeal submitted by Petitioner to the Appellate Division.

Comparing the alleged newly discovered evidence against the standards applicable to Rule 60(b)(2) motions, the Court finds that it cannot be characterized as "newly discovered". Instead, it was

provided to the defense at the time of Caswell's state-court criminal proceeding. Thus, Caswell cannot claim that he was ignorant of the facts pertinent to the newly discovered evidence. Furthermore, it is not "probably effective[,]" Weissman, 120 F.R.D. at 476, to change the ruling, because the alleged newly discovered proof actually was admitted into evidence, with the result that Caswell was found guilty of the charges against him and was adjudicated as a persistent violent felony. His conviction and sentence were upheld on direct appeal. Finally, the alleged newly discovered evidence is not merely cumulative of evidence already offered, it *is* evidence already offered. Caswell thus "fails to satisfy any and every essential element[,]" id., of a Rule 60(b)(2) claim.

### B. Rule 60(b)(3)

A party moving for relief under Rule 60(b)(3) must prove "the fraud or misrepresentation . . . by clear and convincing evidence." Nederlandsche Handel–Maatschappij, N.V. v. Jay Emm, Inc., 301 F.2d 114, 115 (2d Cir. 1962). In addition to providing clear and convincing evidence, the plaintiff must also demonstrate that such fraud or perjury detrimentally impacted the case. State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 176 (2d Cir. 2004) ("[A] movant 'must show that the conduct complained of prevented the moving party from fully and fairly presenting his

case.'") (quoting Taylor v. Texgas Corp., 831 F.2d 255, 259 (11th Cir. 1987)) (citations omitted)).

The "fraud and misrepresentation" that Caswell alleges did not occur in this proceeding, but instead purportedly occurred in connection with an entirely different lawsuit, Caswell v. Green, et al., 1:10-CV-0166(MAT)(LGF), brought under 42 U.S.C. § 1983. In that case, Caswell argued that the Monroe County District Attorney's Office violated his due process rights on his state direct appeal by failing to provide him with copies of the exhibits, referenced above, from his trial and sentencing proceedings. This Court granted summary judgment in the defendants' favor, finding that Caswell's complaint has been rendered moot by their disclosure of the exhibits in question during discovery. The Court rejected Caswell's conclusory assertions that one of the exhibits, a videotape from a convenience store surveillance system, was incomplete. Thus, Caswell has not established that any fraud or misrepresentation actually occurred, much less that it affected the instant habeas corpus proceeding.

**C.   Rule 12(b)(6)**

Subsection (6) of Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). This subsection thus "confers broad discretion on the trial court to grant relief when

appropriate to accomplish justice and it constitutes a grand reservoir of equitable power to do justice in a particular case." Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (quotation marks and alteration omitted). Before a movant can avail himself of Rule 60(b)(6), however, he must present the court with "extraordinary circumstances." Gonzalez v. Crosby, 545 U.S. 524, 536 (2005); see also Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012). Extraordinary circumstances are absent in this case, where Caswell has been permitted to argue these meritless claims repeatedly, in multiple state and federal fora. Therefore, Rule 60(b)(6) relief is wholly inappropriate here.

**IV. Conclusion**

For the foregoing reasons, Caswell's Motion to Vacate (Dkt #36) is denied in its entirety with prejudice.

**SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   March 27, 2014
         Rochester, New York