UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

REGGIE CASWELL,                                          Case # 11-CV-00153-FPG

                                    Petitioner,          DECISION AND ORDER

        v.

STEVEN RACETTI,

                                    Respondent.

---

## INTRODUCTION

This is a proceeding pursuant to 28 U.S.C. § 2254, commenced by *pro se* petitioner Reggie

Caswell. Presently before the Court is Caswell's Motion to Vacate the Judgment Pursuant to Fed.

R. Civ. P. 60(b) ("Rule 60(b) Motion"). ECF No. 36. For the reasons discussed below, the Rule

60(b) Motion is DENIED.

## BACKGROUND

The lengthy factual background and procedural history of this matter has been set forth in

the Court's previous orders, *e.g.*, ECF No. 75, and Respondent's memoranda, *e.g.*, ECF No. 71,

and need not be repeated in detail here. Briefly, the Petition, ECF No. 1, was denied on March 26,

2012, ECF No. 29, and the Second Circuit denied a certificate of appealability, ECF No. 43.

Caswell filed a Rule 60(b) Motion, ECF No. 36, which was denied, ECF No. 40, and he appealed

to the Second Circuit.

In a summary order, ECF No. 45, the Second Circuit found that the District Court (Telesca,

D.J.) had not adjudicated all the claims in the Rule 60(b) Motion. Judge Telesca had identified

1

claims pursuant to Fed. R. Civ. P. 60(b)(2), (3), and (6) based on allegations that Respondent's failure to provide certain trial exhibits and other documents in connection with preparation of the appellate record affected the integrity of the habeas proceeding ("the defective appellate record claim"). However, the Second Circuit found, "[t]he district court did not address Appellant's claim that the apparent delay in hearing his state court appeal from an order re-sentencing him warrants habeas relief [("the appellate delay claim")]." ECF No. 45 at 1 (citing Dkt. 11-cv-153, [ECF No.] 1 at 29-31, [ECF No.] 3 at 56-57, [ECF No.] 37 at 8-9"). Because not all the Rule 60(b) claims had been adjudicated, the Second Circuit found, the order dismissing that motion was not a final order over which it could exercise appellate jurisdiction. *Id.* The Second Circuit remanded the matter so that the District Court could consider all claims in Rule 60(b) Motion "in the first instance." ECF No. 45 at 2.

Following remand, the case was stayed, ECF No. 48, while Caswell was pursuing his appeal of his 2010 resentencing in state court. The matter subsequently was transferred to the undersigned. On September 9, 2021, this Court issued a Decision and Order, ECF No. 75, granting Caswell's motion to lift the stay, ECF No. 58. The Court denied his accompanying requests for discovery and an evidentiary hearing and set a briefing schedule for additional submissions on the Rule 60(b) Motion.

Respondent, however, missed the filing deadline and sought a retroactive extension of time to file his response to the Rule 60(b) Motion. ECF No. 79. Via text order, ECF No. 80, the Court granted the request. Respondent filed his Memorandum in Opposition, ECF No. 82, along with the

Supplemental State Court Record, ECF No. 82-1, containing the records relating to Caswell's

appeal of his 2010 resentencing.[1]

Caswell filed a Response in Opposition, ECF No. 83, in which he objected to Respondent's

motion for a retroactive extension of time; requested that Respondent not be permitted to file

additional pleadings; and demanded that the Petition be granted. Because ECF No. 83 was received

after the Court granted the extension of time, the Court will construe it as a request for

reconsideration and for default judgment against Respondent. Caswell also filed a Reply

Affirmation, ECF No. 84, in response to Respondent's opposition to the Rule 60(b) Motion.

**DISCUSSION**

### I.      **Motion to Strike**

As Caswell notes, Respondent missed the October 11, 2021 deadline to respond to the Rule

60(b) Motion. In his application for a retroactive extension of time, Respondent averred that the

assistant attorney general ("A.A.G.") assigned to the matter was in the process of winding down

her tenure at the Attorney General's Office effective November 2, 2021, and Respondent did not

realize the omission until November 3, 2021. ECF No. 79 at 2-3. Respondent apologized to the

Court and Caswell, and requested an extension of time until November 12, 2021, in order to give

---

[1] The Appellate Division, Fourth Department, of New York State Supreme Court held that the 2010 resentencing was infirm because the Monroe County Supreme Court had deprived Caswell of his right to counsel by permitting him to represent himself without properly ruling on his multiple requests for assignment of counsel. *See* ECF No. 82-1 at 197; *People v. Caswell*, 134 N.Y.S.3d 879, 880 (4th Dep't 2020) (citations omitted). The matter accordingly was remitted for resentencing. *Id.* In 2021, Caswell was resentenced on Count 4 to an indeterminate term of 1 ½ to 3 years, concurrent with the longer persistent violent felony offender sentences on his other convictions. Caswell sought leave to appeal, which was denied by the New York Court of Appeals because the Appellate Division's order was not adverse to him. ECF No. 82-1 at 516. The Monroe County Supreme Court also denied Caswell's request to argue the newly imposed sentence. ECF No. 82-1 at 517.

the newly assigned A.A.G. time to marshal certain relevant state-court documents and familiarize himself with the case. *Id.* at 4.

Subject to certain exceptions not relevant here, Fed. R. Civ. P. 6(b) provides in pertinent part that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "'Excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of [the] movant.' Rather, it may encompass delays 'caused by inadvertence, mistake or carelessness,' at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and the movant's excuse has some merit." *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993); internal citations omitted)).

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Caswell argues that Respondent's delay stretches back seven years to 2013, when the Rule 60(b) Motion was first filed. He correctly notes that Respondent did not file a response in opposition at that time. However, Judge Telesca never ordered Respondent to respond and did not set a briefing schedule for the motion. Thus, there was no court-imposed deadline that Respondent missed. As to the other factors involved in assessing excusable neglect, Caswell has not demonstrated that he was prejudiced by the delay or that Respondent acted in bad faith. The Court

therefore finds no basis for reconsideration of its grant of an enlargement of time under Rule 6(b)(1)(B). *See LoSacco*, 71 F.3d at 93 (upholding district court's enlargement of time for attorney to file bill of costs of time on ground of excusable neglect where counsel awarded attorney fees was on vacation when circuit court affirmed award, and bill of costs was filed nine days late). Accordingly, the Court adheres to its prior order granting the extension and will not strike Respondent's Memorandum in Opposition.

## II.      Motion for Default Judgment

Caswell asserts that Respondent's failure to respond to the Rule 60(b) Motion within the original deadline entitles him to default judgment granting the Petition. Caswell cites no legal authority for this proposition. It is well settled that even the willful failure to respond to a petition for habeas corpus does not entitle the petitioner to a default judgment. *See Bermudez v. Reid*, 733 F.2d 18, 22 (2d Cir. 1984) (although state's disregard of district court's orders to respond to habeas corpus petition was inexcusable, default judgment granting petition was improper and district court should have reached merits of petitioner's claim); *see also Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987) ("[A] default judgment is not contemplated in habeas corpus cases."). Caswell's argument is meritless and his request for entry of default is denied.

## III.     Rule 60(b) Motion

### A.  Applicable Legal Principles

Rule 60(b) provides, in relevant part, that:

> the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"In the habeas context, Rule 60(b) may be invoked 'only when the . . . motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction.'" *Tripathy v. Schneider*, No. 20-CV-6366-FPG, 2021 WL 274440, at *1 (W.D.N.Y. Jan. 13, 2021) (quoting *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004); footnote omitted). Because Caswell "has already filed one § 2254 proceeding, the Court must determine whether the current filing is 'a *bona fide* Rule 60(b) motion [or] a disguised second or successive habeas petition,' *Hall v. Haws*, 861 F.3d 977, 985 (9th Cir. 2017), subject to 28 U.S.C. § 2244(b)." *Id.* Though "there is no bright-line rule" for making this determination, *id.*, the Court is guided by the Supreme Court's decision in *Gonzalez v. Crosby*, 545 U.S. 524 (2005). *See Tripathy*, 2021 WL 274440, at *1.

"A 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." *Gonzalez*, 545 U.S. at 530. If a Rule 60(b) motion contains such a "claim," then it is an "application for habeas relief" subject to 28 U.S.C. § 2244(b). *See id.* at 531. For example, a motion "that seeks to add a new ground for relief will . . . qualify" as an "application for habeas relief," as will an attack on "the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively

6

indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* at 532. On the other hand, a petitioner is not "making a habeas corpus claim . . . when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 532 n.4.

When a district court is presented with a Rule 60(b) motion that both asserts entitlement to habeas relief and attacks the integrity of the habeas proceeding, "the Court may deny, as outside the scope of Rule 60(b), the parts of the motion that assert a federal basis for substantive habeas relief, instead of sending that portion of the motion to the Second Circuit for possible certification under 28 U.S.C. § 2244(b)(3)(A)." *Tripathy*, 2021 WL 274440, at *2 (citing *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002) ("[A]fter a district court has denied as meritless the portion of the 60(b) motion that the court considers to come within the scope of Rule 60(b), the court always has the alternative of simply denying, as beyond the scope of Rule 60(b), the balance of the motion, i.e., the portion believed to present new attacks on the conviction."); *Harris*, 367 F.3d at 82)).

## B.  The Rule 60(b) Claims

The Rule 60(b) Motion contains two claims—the defective appellate record claim that Judge Telesca adjudicated in the original order denying relief from judgment; and the unreasonable appellate delay claim that the Second Circuit found had not been decided. Because the Second Circuit has remanded the Rule 60(b) Motion for this Court to consider the issues "in the first instance," the Court has evaluated the defective appellate record claim anew.

### 1. Defective Appellate Record

Caswell appears to assert claims under subsections (2), (3), and (6) based on essentially the

same factual allegations regarding the allegedly incomplete record on direct appeal:

> Was the integrity of the Habeas Corpus proceedings defective pursuant to Rule
> 60(b)(2)(3)(6) [sic] when the Court was deprived of jurisdiction to address said
> state law issues despite the fact that Petitioner '. . . was deprived of a sufficient
> appeal record . . .' (see, Point XI of Pet.) in order to demonstrate said issues on
> direct appeal in violation of the 28 U.S.C. § 2254(d)(1)(2)(e)(1)(2) [sic], U.S.C. 1st
> 5th 6th 8th 14th.

ECF No. 37 at 2. As Judge Telesca noted, Caswell is referring to the prosecution's alleged failure,

in connection with his preparation of the record on direct appeal of his conviction and persistent

violent felony offender sentencing, to provide him with Trial Exhibits #9 and #22, Sentencing

Exhibits #4 - #7, and the bill of indictment related to his predicate felony conviction in Illinois.

Judge Telesca found that all evidentiary items had been provided to the defense at the time of the

relevant proceedings in state court and, accordingly, were not newly discovered evidence for

purposes of Rule 60(b)(2). ECF No. 40 at 3-5. The Court agrees.

Furthermore, to the extent that Caswell is reiterating his unsuccessful habeas claim that he

was denied his due process right to a complete appellate record, ECF No. 29 at 37, such a claim is

outside the scope of Rule 60(b) because it "attacks the federal court's previous resolution of a

claim on the merits," *Gonzalez*, 545 U.S. at 532 (emphasis and footnote omitted). Caswell's

attempt to bring these allegations within the ambit of Rule 60(b) by arguing that the purportedly

defective appellate record affected Judge Telesca's analysis of the Petition is unavailing. Whether

or not certain exhibits were produced on appeal was irrelevant to Judge Telesca's finding that some

of Caswell's claims were purely state-law claims and, as such, were not cognizable on federal habeas review. In other words, Respondent's alleged failure to produce certain exhibits in connection with Caswell's state-court direct appeal did not affect the integrity of the federal habeas proceeding.

Turning to the argument under Rule 60(b)(3), ECF No. 37 at 6-7, asserting fraud, misconduct, and misrepresentation by the prosecutor, Judge Telesca noted that this was alleged to have occurred in a separate civil rights lawsuit. *See Caswell v. Green*, No. 1:10-CV-0166 MAT, 2013 WL 4015013 (W.D.N.Y. Aug. 6, 2013) (granting summary judgment to defendants on plaintiff's claim that the Monroe County District Attorney and the assistant district attorneys who prosecuted his case failed to turn over trial and sentencing exhibits), *appeal dismissed*, No. 13-3374 (2d Cir. Nov. 20, 2013) (finding that appeal lacked an arguable basis in law or fact). The Court agrees with Judge Telesca's characterization of the allegations as "meritless." ECF No. 40 at 6.

Moreover, while a "failure to disclose or produce materials requested in discovery can constitute 'misconduct' within the purview of Rule 60(b)(3)," *Catskill Dev., L.L.C. v. Park Place Ent. Corp.*, 286 F. Supp. 2d 309, 314 (S.D.N.Y. 2003), Caswell has not explained how alleged omissions by defendants in a different lawsuit affected the integrity of *this* habeas proceeding. And, to the extent that his argument under Rule 60(b)(3) simply repackages his unsuccessful habeas claim based on the purported denial of a complete appellate record, it "attacks the federal court's previous resolution of a claim on the merits," *Gonzalez*, 545 U.S. at 532, and will be denied as outside the scope of Rule 60(b), *see Gitten*, 311 F.3d at 534.

Finally, as to the argument under Rule 60(b)(6), it is well settled that this provision "requires a showing of 'extraordinary circumstances.'" *Gonzalez*, 545 U.S. at 536. "Such circumstances will rarely occur in the habeas context." *Id.* at 535; *see also id.* at 536 (change in Supreme Court's interpretation of the AEDPA statute of limitations, subsequent to the entry of judgment in petitioner's case, "does not meet [the] description" of "extraordinary circumstances"). Here, Judge Telesca found that the requisite "extraordinary circumstances" were "absent," noting that Caswell's claims were "meritless" and had been raised "repeatedly, in multiple state and federal fora." ECF No. 40 at 7.

The Court agrees. "[A] claim that the decision was wrong . . . [is] not sufficiently extraordinary to justify reopening a closed case [under Rule 60(b)]." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 177 (2d Cir. 2009); *see also Green v. Phillips*, 374 Fed. App'x. 86, 88–89 (2d Cir. 2010) (summary order) ("Green may not, however, obtain relief from judgment by reiterating the same general allegations contained in his dismissed complaint. Mere disagreement with the district court's underlying judgment does not present extraordinary circumstances or extreme hardship." (internal and other citations omitted)). Caswell has offered nothing more than his own subjective disagreement with the disposition of his habeas claims, which is insufficient to justify relief under Rule 60(b)(6).

Judge Telesca determined that the claims in Caswell's habeas petition were meritless or not cognizable, and the Second Circuit's denial of a certificate appealability substantiates this determination. Caswell thus has not shouldered his burden of proving that "an extreme and undue hardship," *DeWeerth v. Baldinger*, 38 F.3d 1266, 1272 (2d Cir. 1994) (citation and internal

quotation marks omitted), would occur in the absence of equitable relief under Rule 60(b).  *See, e.g., Carrol v. Loc. 144 Pension Fund*, 152 F.3d 917 (2d Cir. 1998) (summary order) ("Such circumstances do not exist here because Carroll failed to establish that she was entitled to pension benefits under ERISA or the Plan. Accordingly, the district court did not abuse its discretion in denying the motion to reopen.").

### 2.  Unreasonable Appellate Delay

Pursuant to the Supreme Court's guidance in *Gonzalez*, this Court must determine whether the unreasonable appellate delay claim is an attack on the integrity of the federal habeas proceeding itself or an "asserted federal basis for relief from a state court's judgment of conviction[,]" 545 U.S. at 530, which is not the proper subject of a motion to vacate under Rule 60(b).

Respondent has construed the appellate-delay claim as an independent ground for habeas relief, arguing that it is unexhausted because it has not been presented to the state courts. *See* ECF No. 82 at 7-9.  Respondent further argues that, in any event, it is meritless because Caswell cannot show that he was prejudiced by the delay since he eventually prevailed on his appeal of the resentencing and obtained a remittitur for a new sentencing hearing. *See id.* at 9-11.

The Court agrees with Respondent that the claim of unreasonable appellate delay constitutes an independent ground for habeas relief, at least under Second Circuit precedent. The Second Circuit has "acknowledged that the right to a reasonably timely appeal is included among the protections afforded by the due process clause when a state does provide for an appeal[,]" *Cody v. Henderson*, 936 F.2d 715, 719 (2d Cir. 1991) (citations omitted), although "unconditional release from custody is not an appropriate remedy unless [the habeas petitioner] can demonstrate

that appellate delay caused substantial prejudice to the disposition of his appeal." *Id.*[2] Nonetheless,

the Court is unable to reach the merits of the appellate delay claim because it does not allege a

defect in the integrity of the habeas proceeding, but instead "seeks to add a new ground for relief,"

*Gonzalez*, 545 U.S. at 532. As such, it is outside the scope of Rule 60(b) and will be denied on that

basis.  *See Gitten*, 311 F.3d at 534.

### CONCLUSION

For the foregoing reasons, the Rule 60(b) Motion, ECF No. 36, is DENIED. Caswell's

requests in ECF No. 83 for reconsideration of the order granting an enlargement of time, ECF No.

79; to strike Respondent's response, ECF No. 82; and for default judgment granting the Petition,

ECF No. 1, are DENIED. Because Caswell has failed to make a "substantial showing of the denial

of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED.

IT IS SO ORDERED.

Dated: December _6_, 2021
       Rochester, New York

                          HON. FRANK P. GERACI, JR.
                          United States District Judge
                          Western District of New York

---

[2] The Second Circuit has recognized, however, that "[t]he Supreme Court has not yet directly addressed the issue of whether the Constitution guarantees a speedy criminal appeal, once an opportunity for an appeal is provided." *Id.* at 718. Under AEDPA, circuit law cannot form the basis for habeas relief. *Rodriguez v. Miller*, 537 F.3d 102, 106–07 (2d Cir. 2007) (citation omitted).